## WILLIAM FAGAN *vs.* ISABELLE S. OHLER.

Third Judicial District, New Haven, January Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 20th—decided March 3d, 1931.

*Raymond E. Baldwin,* for the appellant (defendant).

*John T. Dwyer,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff was struck and injured by an automobile driven by the defendant as he was crossing Belden Avenue in Norwalk, going from the north to the south. Belden Avenue runs east and west and is thirty-three to thirty-four feet wide between curbs. There were at the place of the accident double trolley tracks along the center of the street. There was considerable traffic proceeding in both ways at the time. The jury might reasonably have found from the evidence that when the plaintiff had reached a point a little more than half way across the street, he paused and looked to his right to watch for an opportunity to cross between the cars proceeding in an easterly direction along the southerly side of the street; that the defendant was driving in a westerly direction; that while there were other cars upon the street proceeding in the same direction, there was nothing to obscure her vision of the plaintiff or to cause her to drive to the left of the center line of the street; but that she did drive her car so far to the left of it as to strike the plaintiff, either not seeing him or failing to avoid him when she did see him. Upon such facts the jury were amply justified in finding the defendant to have been negligent. Having in mind the fact of the amount of traffic proceeding in both directions upon the street and that the plaintiff had passed the center of it, the jury might well have considered that he could reasonably assume that cars passing in a westerly direction would keep to the north of the center line of the street and not put him in danger and that it was particularly his duty to watch the cars proceeding toward the east. Their conclusion that he was not guilty of contributory negligence cannot be said to be unreasonable. If, on the other hand, they came to the conclusion that he had not reached a position out of danger from cars proceeding in a westerly direction when he paused, and so was negligent

in failing to look out for them, they might well find that he was in a position of danger from the defendant's car, that she either saw or ought reasonably to have seen him and perceived that he could not or apparently would not avail himself of the opportunity to escape and that in the exercise of reasonable care she could and ought to have avoided striking him by stopping her car or turning to her right; and hence the trial court was not in error in submitting the issue of supervening negligence to the jury. There was evidence from which they might reasonably have found that the plaintiff was suffering from a serious mental impairment caused by the injury, and, that being so, the verdict cannot be regarded as excessive. Permission granted by the trial court to the plaintiff to call a witness out of order was not such an abuse of its discretion as to justify a new trial.

There is no error.

In this opinion the other judges concurred.